THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|      Plaintiff, | | Case No. 3:16-cr-148 |
|     v. | : | |
| NICHOLAS GAY, | | Judge Walter H. Rice |
|      Defendant. | : | |

ORDER OVERRULING MOTION FOR COMPASSIONATE RELEASE OF
DEFENDANT NICHOLAS GAY (DOC. #45) AS MOOT GIVEN
DEFENDANT IS NO LONGER INCARCERATED

Before the Court is the Motion for Compassionate Release of Defendant

Nicholas Gay. (Doc. #45). On February 12, 2018, Defendant was sentenced to

120 months imprisonment after pleading guilty to one count from the Indictment.

(Judgment, Doc. #37, citing Indictment, Doc. #15). On December 2, 2021,

Defendant filed the Motion under 18 U.S.C. § 3582(c)(1)(A), as amended by the

Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every

Person Act ("First Step") Act of 2018, Pub. L. 115-391, 132 Stat. 5194. While

the Motion was pending, Defendant was released on May 16, 2024.[1]  A case

becomes moot if "the issues presented are no longer 'live' or the parties lack a

legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481

(1984) (citation omitted).  A motion for compassionate release seeks relief not

---

[1] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed Jul. 1, 2024).

Case: 3:16-cr-00148-WHR Doc #: 46 Filed: 07/01/24 Page: 2 of 2 PAGEID #: 175

from the judgment *in toto*, but from the confinement imposed as part of the judgment. "When a prisoner is released from custody, the motion for compassionate release becomes moot because there is no further relief this Court can provide[,]" *United States v. Sanchez*, No. 16-cr-2077, 2021 WL 5999764, *1 (S.D. Cal. Dec. 17, 2021) (collecting cases), and there is no longer a "live" and redressable issue pending before the Court. *See, e.g.*, *United States v. Hernandez*, 845 F. App'x 921, 921 (11th Cir. 2021) (*per curiam*) ("Completion of a prison term moots a challenge to the term of confinement.").

As (Defendant) has completed his term of confinement, his Motion no longer presents a live case or controversy, and the Court is without jurisdiction to hear it. U.S. Const. art. III § 2. Accordingly, the Motion is OVERRULED AS MOOT.[2]

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

July 1, 2024

_____

[2] Also, the Court, having considered the factors for granting compassionate release set forth in *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021), concludes that Defendant would not have been eligible for release while he was incarcerated. The only verifiable health condition alleged by Defendant is high blood pressure. While high blood pressure does put an individual at increased risk of contracting COVID-19, Defendant does not claim that the condition was not controlled with the medication he takes, and courts have concluded that high blood pressure, without more, is not a health condition so severe as to be an extraordinary and compelling reason for release. *United States v. Sattar*, 467 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2020); *United States v. Kibby*, No. 2:19-cr-179, 2021 WL 266328, *2, 4 (S.D. Ohio Jan. 27, 2021) (Graham, J.).

2